IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FOREST RIVER, INC., ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No.: 3:10-cv-011 TLS-CAN |
| HEARTLAND RECREATIONAL VEHICLES, ) | |
| LLC, ) | |
| ) | |
|     Defendant. ) | |
| ) | |

**DEFENDANT HEARTLAND RECREATIONAL VEHICLES, LLC'S
REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF FOREST
RIVER, INC.'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

**INTRODUCTION**

Each section of Forest River, Inc.'s ("Forest River") Response in Opposition to Heartland's Motion to Dismiss (the "Response") suffers from a serious analytical or procedural flaw. First, Forest River cites outdated, inapplicable case law pertaining solely to architectural plans—as opposed to the drawings at issue here—in arguing that Heartland Recreational Vehicles, LLC ("Heartland") committed copyright infringement by using drawings derived from the RP-176 drawing to construct its MPG travel trailer. Second, in response to Heartland's defenses of merger, scenes a faire, and fair use, Forest River cites virtually no authority whatsoever, relying on off-the-cuff legal arguments that run contrary to well-established rules of copyright law. Third, Forest River grossly misstates the law governing the sufficiency of complaints, applying law that was expressly abrogated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*. Finally, recognizing the inadequacy of its unfair competition allegations, Forest River attempts to use its Response to impermissibly plead the facts that

should have been included in its initial pleading.  For the reasons stated both in Heartland's initial Memorandum and herein, the Court should grant Heartland's Motion to Dismiss in full.

## ARGUMENT

### I. HEARTLAND DID NOT INFRINGE FOREST RIVER'S COPYRIGHT IN THE RP-176 DRAWING

#### A. Forest River Only Cites Law Pertaining to Architectural Works, but the Drawing at Issue Does Not Depict an Architectural Work

Heartland's Memorandum in Support of its Motion to Dismiss (the "Memorandum") outlined a fundamental rule governing the copyright protection given to a technical drawing of a useful article: "The manufacture of a useful article from a copyrighted technical drawing does not constitute copyright infringement." (Memorandum, DE #10, p. 3.)  This rule is now well-established.   *Niemi v. Am. Axle Mfg. & Holding Inc.*, 2006 WL 2077590, at *3-4 (E.D. Mich. July 24, 2006); *Gusler v. Fischer*, 580 F.Supp.2d 309, 315 (S.D.N.Y. 2008); *Nat'l Med. Care, Inc. v. Espiritu,* 284 F.Supp.2d 424, 433-436 (S.D.W.Va. 2003); *Niemi v. NHK Spring Co., LTD*, 2007 WL 2460348, at *1-3 (N.D. Ohio Aug. 27, 2007).

Forest River concedes the validity of the rule outlined above.  (*See* Response, DE #15, p. 5.)  However, it argues that the rule does not apply when a defendant **makes** an infringing copy or derivative work and **then** uses that copy or work to construct the useful article.  (*Id.*)  Forest River's assessment of the law is incorrect.  *See Niemi*, 2006 WL 2077590, at *4 (holding that "Plaintiffs' copyrights are not infringed by the use, use of copies, or use of derivatives of copies, of technical drawings to manufacture or use stabilizer benders, welders, or other machines as alleged in Plaintiffs' Complaint"); *Nat'l Med. Care, Inc.*, 284 F.Supp.2d at 433, 435-36 (holding that the copyright in a technical drawing does not prevent construction of "as-built structures, regardless of whether those structures have been built with reference to infringing copies…").

2

The architectural works cases relied upon by Forest River, *Herman Frankel Org. v. Tegman*, 367 F.Supp. 1051 (D.C. Mich. 1973) and *Robert R. Jones Assocs., Inc. v. Nino Homes,* 858 F.2d 275 (6th Cir. 1988), were decided more than twenty years ago.[1] These cases do not reflect the current state of the law governing the technical drawing here.

Simply stated, Forest River's authority pertains exclusively to technical drawings depicting **architectural works**. (*See* Response, DE #15, pp. 6-7) (citing *Herman Frankel Org. v. Tegman*, 367 F.Supp. 1051, 1053 (D.C. Mich. 1973) (technical drawing of an architectural plan); *Robert R. Jones Assocs., Inc. v. Nino Homes,* 858 F.2d 275, 280-81 (6th Cir. 1988) (technical drawing of an architectural plan); Nimmer on Copyright, 2009, § 2.08[D][2][a] (section cited and indeed copied *in toto* (presumably as a fair use?) entitled "Architectural plans and structures")). In *Nat'l Med. Care, Inc.*, the Court noted that the holding of *Robert R. Jones Assocs. Inc.* was intended "to make up for a perceived insufficiency in copyright law's protection of **architectural structures**," not useful articles in general. *Nat'l Med. Care, Inc.*, 284 F.Supp.2d at 435 (emphasis added). Shortly after the Court's decision in *Robert R. Jones Assocs. Inc.*, Congress remedied this perceived insufficiency by enacting the Architectural Works Copyright Protection Act ("AWCPA"). The AWCPA extends copyright protection to as-built architectural works, but does not extend such protection to other useful articles. After Congress's

---

[1] Forest River also cites *Nat'l Med. Care, Inc. v. Espiritu*, 284 F.Supp.2d 424 (S.D.W.Va. 2003) and *Patriot Homes, Inc., v. Forest River Hous., Inc.*, 2006 WL 1752143, *8 (N.D. Ind. June 21, 2006) in support of its arguments. Viewing Forest River's citation to this authority charitably, Forest River has plainly misread the import of these cases. Forest River states that *Nat'l Med. Care* "acknowledges" the rule forbidding the use of derivative copies of copyrighted drawings to construct the useful articles contained therein. (Response, DE #15, p. 7.) However, the *Nat'l Med. Care, Inc.* court ultimately outright **rejected** the rule's validity in its holding, stating unequivocally that copyright protection "does not extend to as-built structures, **regardless of whether those structures have been built with reference to infringing copies of the Standard Details**." *Id.* at 435-36 (emphasis added). In *Patriot Homes, Inc.*, the Court did not actually adopt the legal theory offered by Forest River in its holding. Instead, it merely noted in dicta that some authority exists for "allowing damage calculations to include profits gained from the construction of works using infringing copies of technical drawings." *Id.* at *8. Regardless, the *Patriot Homes, Inc.* case involved architectural works, which, for the reasons stated elsewhere in this section of the brief, renders the decision inapplicable.

enactment of the AWCPA, "[c]opyright protection only extends to as-built structures when the copyright is registered under the AWCPA." *Id.*

In promulgating regulations pursuant to the AWCPA, consideration was specifically given to whether "recreational vehicles" warranted coverage under the AWCPA—and clearly rejected. Indeed, the regulations expressly exclude "recreational vehicles" from protection as architectural works. 37 C.F.R. § 202.11(d). As such, Forest River's R.Pod recreational vehicle cannot be registered under the AWCPA, and it is entitled to no more protection under the Copyright Act than any other non-architectural useful article, such as a screw, a table, or a machine.

The key question is whether a copyright in a technical drawing of a non-architectural useful article precludes a party from using derivative copies of that drawing to construct the useful article. In arguing that such use constitutes infringement, **Forest River fails to cite a single case involving a technical drawing depicting a non-architectural useful article.** Heartland's own research has not located a single decision in which the court (1) found that the manufacture of a non-architectural useful article depicted in a technical drawing constitutes copyright infringement; (2) found that the use of infringing or derivative copies of a copyrighted technical drawing to manufacture a non-architectural useful article constitutes copyright infringement; or (3) awarded a plaintiff damages stemming from a defendant's use of infringing or derivative copies of a copyrighted technical drawing to manufacture a non-architectural useful article.

Heartland has located decisions that have specifically denied plaintiffs such relief. Those cases include *Niemi v. Am. Axle Mfg. & Holding Inc.*, 2006 WL 2077590, at *3 (E.D. Mich. July 24, 2006) and *Niemi v. NHK Spring Co., LTD*, 2007 WL 2460348, at *1-3 (N.D. Ohio Aug. 27,

4

2007).[2] Importantly, both cases come from district courts within the Sixth Circuit, the same circuit in which the architectural works cases cited by Forest River, *Herbert Frankel Org.* and *Robert R. Jones Assocs.*, were decided, with *Robert R. Jones Assocs.* being decided by the Sixth Circuit Court of Appeals. If the law of *Herbert Frankel Org.* and *Robert R. Jones Assocs.* applied to cases involving technical drawings depicting non-architectural useful articles, then the two district courts in the *Niemi* cases would have applied and followed them. They did not.

Instead, both courts acknowledged the decisions in *Herbert Frankel Org.* and *Robert R. Jones Assocs.* and then explicitly declined to extend them to cases involving non-architectural useful articles. In *Niemi v. Am. Axle Mfg. & Holding Inc.*, the District Court for the Eastern District of Michigan offered the following reasoning:

> The specific issue before the Court is whether the use of copies, or derivatives of copies, of copyrighted technical drawings to manufacture a machine is an act of copyright infringement…Plaintiffs [] contend that fabricating a machine depicted in a drawing is copyright infringement where the fabrication is achieved through the unlawful copying or making unlawful derivatives of copyrighted drawings…In their supplemental brief, Plaintiffs discuss a number of cases involving architectural drawings. *See Nucor Corp. v. Tennessee Forging Steel Serv., Inc.*, 476 F.2d 386 (8th Cir.1973); **Herman Frankel Org. v. Tegman**, **367 F.Supp. 1051 (E.D.Mich.1973); Robert R. Jones Assocs. Inc. v. Nino Homes, 858 F.2d 274 (6th Cir.1988)**. However, architectural works are protected by [a] separate section of the Copyright Act…Therefore, these cases are not on point…[A]lthough the Sixth Circuit found, in *Robert R. Jones Assocs., Inc. v. Nino Homes*, 858 F.2d 274 (6th Cir.1998), that "one may construct a house which is identical to a house depicted in copyrighted architectural plans, but one may not directly copy those plans and then use the infringing copy to construct the house," id. at 280, this holding is limited to architectural works…Plaintiffs have failed to cite a single case holding that the use of copies, or derivatives of copies, of copyrighted technical

---

[2] Richard K. Niemi was the plaintiff in both cases, and both cases involved the use of technical drawings depicting non-architectural useful articles. The useful articles in the cases were (1) "stabilizer bar forming or similar machines" and (2) the "stabilizer bars" themselves. *Niemi*, 2006 WL 2077590, at *1; *Niemi*, 2007 WL 2460348, at *1.

5

>drawings to manufacture a machine constitutes an act of copyright infringement.

2006 WL 2077590, at *2-4 (emphasis added to pertinent case citations).

In *Niemi v. NHK Spring Co., LTD*, the District Court for the Northern District of Ohio concurred:

>Plaintiffs cite various cases for the proposition that, in the case of copyrighted drawings, the construction of an object depicted in the drawings or copies of the drawings can constitute a violation of the Copyright Act. **See *Robert R. Jones Associates, Inc., v. Nino Homes***, 858 F.2d 274 (6th Cir.1988); *Nucor Corp. v. Tennessee Forging Steel Services, Inc.*, 476 F.2d 386 (8th Cir.1973); *Demetriades v. Kaufmann*, 680 F.Supp. 658 (S.D.N.Y.1989); ***The Herman Frankel Organization v. Tegman***, 367 F.Supp. 1051 (1973). Those cases, however, all involve "architectural works"…Thus, the cases cited by plaintiff are distinguishable….The "specific issue before the court" in *Niemi v. American Axle* was "whether the use of copies, or derivatives of copies, of copyrighted technical drawings to manufacture a machine is an act of copyright infringement." The court held that "the manufacture of a machine from a copyrighted technical drawing is clearly not copyright infringement." The court decided not to "expand the scope of copyright protection to include the act of manufacturing an article using a copy or derivative copy of the copyrighted drawing." I concur with the logic and the outcome of the court in *Niemi v. American Axle*.

2007 WL 2460348, at *2-3 (emphasis added to pertinent case citations) (internal citations omitted).

Forest River incorrectly contends that "Heartland has cited absolutely no case law to support the proposition that the 'use' *per se* of a copied drawing is not an infringement." (Response, DE #15, pp. 7-8.) But the proposition that the use of a copied drawing is not an infringement is precisely the holding of *Niemi v. Am. Axle Mfg. & Holding Inc.*, which Heartland cited in its initial Memorandum. *See Niemi*, 2006 WL 2077590, at *2-4 (stating unequivocally that "[t]he specific issue before the Court is whether the **use of copies**, or derivatives of copies,

6

of copyrighted technical drawings to manufacture a machine is an act of copyright infringement" and finding that such "use" is not infringement) (emphasis added).  Accordingly, Forest River's argument that it can recover damages for the value of Heartland's "use" of its derivative copies fails as a matter of law.  Indeed, in a subsequent decision in the *Niemi v. Am. Axle Mfg. & Holding Inc.* case, the Court granted the defendant's motion for partial summary judgment seeking dismissal of any claims for defendant's profits stemming from: (1) a contention that the as-built useful articles were "infringing"; or (2) defendant's "use" of the copyrighted drawings to construct the useful articles.[3]  *Niemi v. Am. Axle Mfg. & Holding Inc.*, 2008 WL 1837253, at *4-5.

As the *Niemi* cases demonstrate, Heartland's MPG trailers are themselves non-infringing.  And, Forest River cannot recover damages for Heartland's use of derivative works in constructing its MPG trailers.  As such, the Court should dismiss any claim of copyright infringement based on (1) allegations that the MPG trailers themselves are infringing; or (2) allegations that Heartland used the allegedly copyrighted drawing or derivative copies in constructing the MPG trailers.

**B.  Common Sense Necessitates Dismissing Forest River's Copyright Claims Under the Doctrines of Merger and Scenes a Faire**

In responding to Heartland's argument that Forest River's RP-176 drawing is barred from copyright protection by the doctrines of merger and scenes a faire, Forest River fails to cite any case law or other legal authority rebutting the authority cited by Heartland.  Instead, Forest River merely alleges that Heartland's defenses impermissibly rely upon "facts" that are not contained

---

[3] While defendant's motion for partial summary judgment in *Niemi v. Am. Axle Mfg. & Holding, Inc.* sought to exclude claims for defendant's profits, if a plaintiff cannot recover a defendant's profits due to the fact that a defendant's "use" of an infringing copy does not constitute copyright infringement, then a plaintiff also cannot collect any alleged actual damages based on such an argument.

7

within Forest River's complaint. However, the "facts" upon which Heartland relies in its Memorandum do not depend upon evidentiary verification, such as witness testimony or the presentation of documents. Indeed, Heartland's "facts" derive from mere common sense. As the Supreme Court noted in *Iqbal*, "[d]etermining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. The Court should not hesitate to consider the common-sense assertions made in Heartland's initial Memorandum.

Common sense also exposes the legal and logical deficiencies in Forest River's arguments regarding the doctrines of merger and scenes a faire. Forest River's first argument is that Heartland did not have to use a two-dimensional drawing to represent its MPG floorplan and could have used another medium of expression, such as a photograph. (Response, DE #15, p. 9.) By making this initial argument, Forest River suggests that it enjoys the exclusive right to use a two-dimensional drawing to depict the idea of the interior layout of the R.Pod and MPG travel trailers. But copyright law protects elements of expression within a work, not an entire class of works. As an illustration of Forest River's irrational argument, imagine an artist who has copyrighted her painting of the White House. Were Forest River's view of copyright law correct, the artist's copyright would prevent another artist from painting a picture of the White House because, for example, the other artist could have taken a photograph instead.

The relevant class of works at issue in this case is that of two-dimensional technical drawings. Forest River argues that "there are many different ways to create a two dimensional drawing of a travel trailer's floorplan." (Response, DE #15, p. 9.) Forest River then attaches examples of floorplan drawings by Heartland and Jayco, another recreational vehicle manufacturer. (Exhibits 6 and 8 to Response.) These documents do not support Forest River's

8

arguments related to the doctrines of merger and scenes a faire. In fact, they actually bolster Heartland's defenses.

By attaching these more elaborate floorplan drawings, Forest River highlights the utter dearth of artistry in the RP-176 drawing. Indeed, unlike the drawings by Jayco and Heartland, which contain complex color schemes, imagery mimicking hardwood and tile flooring, and other artistic choices, the RP-176 drawing consists of a barebones black and white drawing bereft of any artistic, expressive detail. The doctrine of scenes a faire bars copyright protection of any elements of a work that are "'so rudimentary, commonplace, standard, or unavoidable that they do not serve to distinguish one work within a class of works from another.'" *Gaiman v. McFarlane*, 360 F.3d 644, 659 (7th Cir. 2004) (quoting *Bucklew v. Hawkins, Ash, Baptie & Co.*, 329 F.3d 923, 929 (7th Cir. 2003)) (emphasis added). As the more intricate drawings by Jayco and Heartland illustrate, the elements of the RP-176 drawing exemplify what courts mean by rudimentary, commonplace, and standard elements. As such, the Court should deny copyright protection to the RP-176 drawing.

### C. Heartland's Use of the RP-176 Drawing in a Comparative Advertising Constitutes Non-Infringing Fair Use

Even if the Court accepts all of Forest River's allegations as true, the doctrine of fair use prevents a finding of infringement based on Heartland's comparative advertisement. Courts have found that where an alleged infringement occurs in a comparative advertisement, the public need for well-informed consumers weighs heavily in favor of a finding of fair use. *Triangle Publ'ns, Inc. v. Knight-Ridder Newspapers, Inc.*, 626 F.2d 1171, 1176, n. 13, 1177 (5th Cir. 1980); *Sony Computer Entm't. Am. Inc. v. Bleem, LLC*, 214 F.3d 1022, 1027 (9th Cir. 2000).

In its Response, Forest River fails to cite any authority negating Heartland's fair use showing. Instead, Forest River again takes issue with common-sense assertions. As discussed

9

above, the Court is permitted to use its common sense and judicial experience to draw conclusions from Forest River's pleadings and exhibits. *Iqbal*, 129 S. Ct. at 1950.

Forest River next attempts to counter the fact that the RP-176 drawing is a work of low creativity by expounding how long it would take to (1) "think up a floorplan layout;" and then (2) "create that type and quality of drawing." (Response, DE #15, pp. 10-11.) Yet, the time it takes to conceive the idea of the layout is irrelevant; the idea of the R.Pod trailer's layout is not protected by copyright law. The time and effort spent by a draftsman in recording the placement of elements in a drawing is similarly irrelevant—courts have emphatically rejected the "sweat of the brow" theory of copyright protection. *See Feist Publ'ns, Inc. v. Rural Telephone Serv. Co.*, 499 U.S. 340, 352-360 (1991) (explaining history and ultimate abandonment of "sweat of the brow" doctrine). Recording the dimensions and sizing of the R.Pod's features in a simple two-dimensional drawing requires mere mechanical accuracy, not creative expression. Thus, the RP-176 drawing is a work of low creativity, a factor that weighs in favor of a finding of fair use.

Forest River's arguments concerning the "market for or value of" the RP-176 floorplan also contradict pertinent case law. Forest River posits that Heartland derived value from its use of Forest River's drawing, but the purpose of the "market for or value of" fair-use factor is to assess the impact of Heartland's comparative advertisement on the value that **Forest River** gains from the RP-176 drawing. Indeed, virtually every "fair use" of copyrighted material affords some value to the user or the work would not be used—that is the reason for the fair use doctrine's existence. To illustrate, there is no question that the defendant in *Sony Computer Entertainment Am., Inc.* gained value from using the copyright holder's "screen shots" at issue in the defendant's advertisements, or that the defendant in *Triangle Publ'ns*, *Inc.* gained value from including the TV Guide cover at issue in that case in its advertisements. But in those cases, the

10

courts only considered how the defendants' use would affect the value of the copyrighted work to the **copyright holder**. *Sony Computer Entertainment Am., Inc.*, 214 F.3d at 1029; *Triangle Publ'ns, Inc.*, 626 F.2d at 1177-78. The relevant question is whether Heartland's use of the RP-176 drawing affects the value that Forest River derives from the work. Unsurprisingly, Forest River was unable to provide a single example of how Heartland's use has affected the value that Forest River gains from its copyrighted work. Like the plaintiffs in *Triangle Publ'ns, Inc.* and *Sony Computer Entertainment Am., Inc.*, at best, Forest River has suffered de minimis, if any, impact to its ability to derive value from the RP-176 drawing. Heartland's use of the RP-176 drawing in a comparative advertisement was fair use, and Forest River's copyright infringement claim related to the advertisement should be dismissed.

## II.     FOREST RIVER FAILS TO STATE A PLAUSIBLE CLAIM FOR UNFAIR COMPETITION

### A.     Forest River Misstates the Law Governing the Sufficiency of Complaints

Forest River insinuates that Heartland misstates the impact of two U.S. Supreme Court decisions, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), on the law applicable to Rule 12(b)(6) motions. Forest River then purports to provide the Court with "a thorough understanding of the actual current rule of law." (Response, DE #15, p. 2.) Forest River's understanding of the law, however, is thoroughly wrong.

Forest River begins by informing the Court that Heartland "must show 'beyond doubt that the plaintiff can prove no set of facts in support of his claim.'" (Response, DE #15, p. 1) In support of its assertion, Forest River cites *Carter v. Honeywell Int'l, Inc.*, 2009 WL 2750255, *1 (N.D. Ind. 2009) and *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In actuality, *Carter* directly and expressly refutes Forest River's assertion. The *Carter* Court explained that "[i]n *Twombly* the Supreme Court 'retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*,

11

355 U.S. 42, 47 (1957)] formulation that a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" 2009 WL 2750255, at *1, n. 1 (quoting *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618, (7th Cir.2007)).  Hence, while the effects of *Iqbal* and *Ashcroft* may not be entirely evident, Forest River's own authority demonstrates that Heartland need not clear the hurdle expressed in *Conley*, abrogated in *Twombly*, and incorrectly relied upon by Forest River in its Response.

It is similarly obvious that, at a minimum, the *Twombly* and *Iqbal* decisions articulated baseline requirements that a complaint must satisfy in order to avoid dismissal under Rule 12(b)(6).  First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).  Second, with respect to the requisite level of factual detail, the complaint must describe the claim in sufficient detail to give the defendant "fair notice" of what the claim is and the grounds upon which it rests.  *Twombly*, 550 U.S. at 555.  Third, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a mere "speculative level." *Id.*   As explained more fully in the next section, Forest River's unfair competition allegations fail to meet any of these three requirements. As such, the U.S. Supreme Court's decisions in *Twombly* and *Iqbal* necessitate dismissal of any unfair competition claim purportedly contained in the Amended Complaint.

> **B.**     **Forest River's Purported Unfair Competition Claim Contains Nearly No Factual Detail**

In *Iqbal*, the Supreme Court articulated a "two-pronged approach" to analyzing the sufficiency of complaints.  First, courts determine which allegations in a complaint are mere conclusions not entitled to the assumption of truth.  *Iqbal*, 129 S. Ct. at 1949-50 ("Threadbare

12

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing *Twombly*, 550 U.S. at 555).  Second, accepting the remaining allegations as true, the Court determines whether the complaint states a "plausible claim for relief"—a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950.

In its Response, Forest River cites two allegations from the Amended Complaint to support its argument that it has stated a sufficient claim of unfair competition:

(1) "Heartland has also engaged in unfair trade practices and unfair competition in connection with its publication of infringing advertisements and sale of infringing travel trailers." (Am. Compl. ¶ 21;) and

(2) "Heartland distributed the advertisement of Exhibit 2 to potential customers…together with other advertisements of its MPG product which were intended to confuse and/or deceive customers into thinking about some connection with Forest River." (Am. Compl. ¶ 15.)

As an initial matter, the Court should separate the threadbare legal conclusions in the Amended Complaint from any well-pleaded factual allegations.  In paragraph 21, Forest River states that "Heartland has engaged in unfair trade practices and unfair competition…."  This a threadbare legal conclusion and should be disregarded by the Court.[4]  *Iqbal*, 129 S. Ct. at 1950.  In paragraph 15, Forest River alleges that Heartland "distributed…other advertisements of its MPG product which were intended to confuse and/or deceive customers into thinking about

---

[4] Forest River notes the similarity of this allegation to that contained in Form 19, §8 of the Federal Rules of Civil Procedure.  It also claims that compliance with that form is sufficient to meet the Rule 12(b)(6) notice requirements as a matter of law.  However, the case cited by Forest River for this proposition, *Tamayo v. Blagojevich*, 526 F.3d 1074, 1085 (7th Cir. 2008), concerned an entirely different form within the Rules, and at no point did the Court hold that compliance with *any* form in the Rules will be *per se* acceptable.  In fact, it specifically limited its holding, stating that "**[i]n these types of cases**, the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense." *Id.* (emphasis added).

13

some connection with Forest River." (Am. Compl. ¶ 15.) This statement is merely a "[t]hreadbare recital" of one element of a Lanham Act false designation of origin claim. *See Iqbal*, 129 S. Ct. at 1949-50 (citing *Twombly*, 550 U.S. at 555); *Web Printing Controls Co. v. Oxy-Dry Corp.*, 906 F.2d 1202, 1204 (7th Cir. 1990) (stating elements of Lanham Act claim). As such, it is entitled to no presumption of veracity and should be disregarded by the Court. *Iqbal*, 129 S. Ct. at 1950.

That leaves Forest River's allegation that Heartland published "infringing advertisements" and sold "infringing travel trailers." This allegation merely restates Forest River's copyright infringement claim. In *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003), the United States Supreme Court "made it clear that there is no Lanham Act claim for copying, revising, and using a copyright-able work. Such claims exist if at all under copyright law." *Francois v. Jack Ruch Quality Homes, Inc.*, 2006 WL 2361892, at *13 (C.D. Ill. Aug. 13, 2006) (interpreting the *Dastar* decision). Forest River attempts to counter *Dastar* by suggesting that its unfair competition claim is actually a state common law claim, and that it requires "an extra element of misrepresentation or deception which is not an element for copyright infringement." (Response, DE #15, p. 13) (citing *Patriot Homes, Inc. v. Forest River Housing, Inc.*, 489 F.Supp.2d 865, 875 (N.D. Ind. 2006)). But Forest River does not provide any facts identifying any misrepresentation or deceptive material contained in the "infringing advertisements" or "infringing trailers." A plaintiff's "failure to expressly allege that [defendant] made affirmative misrepresentations about the origin of the drawings renders its state law claims identical to its copyright infringement claim, and thus preempted by copyright law." *Tensor Group, Inc. v. Global Web Sys., Inc.*, 1999 WL 617818, at *2. Hence, the allegations of ¶ 21 are

14

insufficient to "'nudge[] [Forest River's] claims…across the line from conceivable to plausible.'" *Iqbal*, 129 S. Ct. at 1951 (quoting *Twombly*, 550 U.S. at 570).

An application of *Iqbal's* two-pronged approach demonstrates that Forest River's Amended Complaint contains virtually no factual assertions entitled to a presumption of veracity. As such, Forest River has failed to state a plausible claim of unfair competition.

### C. Forest River Cannot Use its Response Brief to Plead Facts

Forest River attempts to correct its insufficient pleading by including in its Response the very facts and exhibits it should have included in the Amended Complaint. Forest River cites case law authority for the proposition that "a plaintiff may posit facts in opposition to the motion which, as long as the facts are consistent with the complaint, the Court must also accept as true." (Response, DE #15, p. 4) (citing, *inter alia*, *Chavez v. Ill. State Police*, 251 F.3d 612, 650 (7th Cir. 2001)). That proposition is in direct conflict with the Seventh Circuit's holding that it is improper for courts considering Rule 12(b)(6) motions to "look beyond the four corners of the complaint itself…." *Palda v. General Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995).

To the extent that such a conflict of legal authority once existed on this question, the U.S. Supreme Court's decisions in *Twombly* and *Iqbal* have resolved it. In *Albiero v. City of Kanakee*, the Seventh Circuit explained its rationale for allowing plaintiffs to supplement complaints with factual narration in a brief. The Seventh Circuit stated that the rule was a direct application of the now-defunct *Conley* standard, which provided that a complaint may not be dismissed unless it is impossible to prevail under any set of facts consistent with the complaint's bare allegations. 122 F.3d 417, 419 (7th Cir. 1997). *Twombly* and *Iqbal* abrogated the *Conley* rule, and, consistent with the Seventh Circuit's holding in *Palda*, the additional facts and exhibits within Forest River's response should not be considered. *See Hooks v. Ryan*, 2009 WL 1307850, at *3, n. 4

15

(E.D. Wisc. May 6, 2009) (citing *Palda* and stating that "[Plaintiff's] response to the defendants' motions to dismiss is to submit new factual allegations and new exhibits that are not contained in her complaint. [Plaintiff's] new factual allegations and new exhibits will be disregarded by this Court."). Otherwise, a plaintiff could simply allege that "Defendant committed unfair competition" and then wait until the defendant filed a motion to dismiss to fill in any meaningful details. Heartland should not be forced to file a motion to dismiss in order to "smoke out" the factual bases for Forest River's claims. That is precisely the rationale behind the "fair notice" requirement reaffirmed in *Twombly*. *Twombly*, 550 U.S. at 555.

Stripped of threadbare recitals of elements and conclusory statements, Forest River's unfair competition allegations fail to state a plausible claim for relief. They also fail to provide Heartland with fair notice as to the nature of Forest River's claims. As such, the Court should dismiss any and all of Forest River's putative unfair competition claims.

## **CONCLUSION**

For the reasons stated in Heartland's initial Memorandum and this Reply, the Court should grant Heartland's Motion and dismiss the following claims for failure to state a claim upon which relief can be granted:

(a) Any claim for copyright infringement based on Heartland's use of the RP-176 drawing to construct its MPG recreational vehicle;

(b) Any claim for copyright infringement based on Heartland's use of the RP-176 drawing in its comparative advertising;

(c) Any claim for contributory infringement against Heartland, as there is no underlying direct infringement; and

(d) Any claim for unfair competition under federal or state law.

16

BAKER & DANIELS LLP

By:   */s/ David P. Irmscher*
      David P. Irmscher (#15026-02)
      Brad R. Maurer (#21730-49)
      Peter A. Meyer (#27968-53)
      111 East Wayne, Suite 800
      Fort Wayne, Indiana  46802
      Tel: 260.424.8000
      Fax: 260.460.1700
      david.irmscher@bakerd.com
      brad.maurer@bakerd.com
      peter.meyer@bakerd.com

*Attorneys For Defendant, Heartland Recreational Vehicles, LLC*

## CERTIFICATE OF SERVICE

The undersigned counsel for defendant Heartland Recreational Vehicles, LLC, hereby certifies that a copy of the foregoing was served upon the following, this 23rd day of April, 2010, by operation of the Court's ECF System.

Ryan M. Fountain
420 Lincoln Way West
Mishawaka, Indiana  46544-1902
ryanfountain@aol.com

*Attorney for Plaintiff,
Forest River, Inc.*

BAKER & DANIELS LLP

*/s/ David P. Irmscher*
David P. Irmscher