UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| HEARTLAND RECREATIONAL VEHICLES, LLC, *et al*, | ) | CAUSE NOS.: | 3:08-CV-490-JD-CAN |
|---|---|---|---|
| | ) | | 3:09-CV-302-JD-CAN |
| v. | ) | | 3:10-CV-011-JD-CAN |
| | ) | | 3:10-CV-409-JD-CAN |
| FOREST RIVER, INC., *et al*, | ) | | 3:11-CV-250-JD-CAN |

**OPINION AND ORDER**

Pending before the Court are five cases, 3:08-cv-490, 3:09-cv-302, 3:10-cv-11, 3:10-cv-409, and 3:11-cv-250, which are assigned to the same Magistrate Judge and the undersigned for purposes of judicial economy and the expeditious resolution of these matters, consistent with N.D. Ind. L.R. 40-1. Forest River, Inc., and Heartland Recreational Vehicles, LLC, are litigants in all five cases, along with other parties who are named in some of the cases, including Brian Brady, Catterton Partners, and Thor Industries, Inc.[1] On September 27, 2011, the Court detailed the nature of the related cases in an effort to determine how best to proceed in a fair and expeditious manner, and the Court ordered the parties to show cause for:

(1) why the Court should not consolidate cases 3:08-cv-490, 3:09-cv-302, and 3:10-cv-409, for all purposes, consistent with Fed. R. Civ. P. 42; and

(2) why the Court should not consolidate all discovery (including discovery on damages) in all five cases, 3:08-cv-490, 3:09-cv-302, 3:10-cv-11, 3:10-cv-409, and 3:11-cv-250, in order to avoid unnecessary cost and delay, and to avoid inconsistent discovery rulings in cases involving the same parties.

---

[1] It is alleged that Brian Brady and Catterton Partners managed and controlled Heartland on a daily basis, and that Thor Industries, Inc. purchased Heartland in September 2010 [3:09-cv-302, DE 45]. Catterton Patters claims only to be a "peripheral player." [3:09-cv-302, DE 123].

In response to the Court's order to show cause, Forest River [3:08-cv-490, DE 188, 191] and Heartland, Thor Industries, and Brian Brady [3:08-cv-490, DE 187] agree that the Court should consolidate for all purposes cases 3:08-cv-490, 3:09-cv-302, and 3:10-cv-409; and agree that the Court should consolidate all discovery in all five cases, 3:08-cv-490, 3:09-cv-302, 3:10-cv-11, 3:10-cv-409, and 3:11-cv-250. Catterton Partners "takes no position on whether the Court should consolidate entire cases and/or the discovery in various cases" given its minor role in the pending matters [3:09-cv-302, DE 123 at 2]. The Court notes that when the parties were negotiating a joint resolution relative to consolidation, Forest River proposed to the other litigants that all five cases should be consolidated for all purposes [3:08-cv-490, DE 188-1]; however, the request was ultimately not made to the Court.

Federal Rule of Civil Procedure 42(a) provides that: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Thus, the issue of common questions of law or fact is a prerequisite for any consolidation. *Id*.

The facts which form the basis of the claims asserted in cases 3:08-cv-490, 3:09-cv-302, and 3:10-cv-409, concern Heartland's acquisition and use of Forest River's Master List, as outlined in the Court's order dated September 27, 2011 [3:08-cv-490, DE 186 at 2-3, 8, 11]. Simply put, the three cases seek relief on the same set of facts and consolidating them would avoid inconsistent rulings and would promote judicial efficiency for the reasons set forth in the Court's September 27, 2011 order, as incorporated herein by reference. The Court finds that consolidation in the manner proposed by the Court will permit the most effective management of

these cases, while securing the "just, speedy, and inexpensive determination" of each case without risk of unfair prejudice to the litigants. *See* Fed. R. Civ. P. 1, 8(e); *A. Bauer Mech., Inc. v. Joint Arbitration Bd. of Plumbing Contractors' Assoc. and Chi. Journeymen Plumbers' Local Union 130, U.A.*, 562 F.3d 784, 790 (7th Cir. 2009) (internal citations and citations omitted); *Griffin v. Foley*, 542 F.3d 209, 217 (7th Cir. 2008) ("[d]istrict court judges, because of the very nature of the duties and responsibilities accompanying their position, possess great authority to manage their caseload.") (citations omitted). Moreover, the possibility of any prejudice to any party is limited by the parties' ability to file dispositive motions for early disposition of the issues, *see infra*, and by the Court's ability to sever certain issues should the need arise at a later stage of the litigation, consistent with Fed. R. Civ. P. 42(b).

At this time, the Court finds that cases 3:10-cv-11 and 3:11-cv-250 should not be consolidated for all purposes (except discovery) with cases 3:08-cv-490, 3:09-cv-302, and 3:10-cv-409. While all of the cases are related, case 3:10-cv-11 is primarily focused on Forest River's claim that Heartland engaged in copyright infringement by copying Forest River's "r.Pod" floor plan. Whether the copyright was infringed does not depend on Forest River's success on claims concerning Heartland's alleged acquisition and use of Forest River's Master List—even if an overlapping theme concerns Heartland's attempt to obtain market share. Without common questions of law or fact, consolidation is currently inappropriate.

Consolidation of case 3:11-cv-250 is a closer call. In that case, Heartland claims that Forest River infringed the '545 patent—a patent which Forest River claims is the same subject matter as the patent application of the '650 patent, the subject of case 3:08-cv-490. However, Heartland's patent infringement claim based on the '650 patent has been dismissed, along with

Forest River's counterclaims for non-infringement, invalidity, and unenforceability of the '650 patent. Thus, whether or not Forest River infringed the '545 patent, and whether or not Heartland and Thor Industries abused legal process throughout the course of the litigation in these matters can likely be decided without risking inconsistent factual findings relative to the use and acquisition of the Master List. Further, consolidation would likely lead to a confusion of the issues and make disposition of the cases by way of trial or dispositive motion unnecessarily complex. Should future developments suggest otherwise, the Court can revisit the subject of consolidation.

Because all of the cases involve the same parties and are related in matters that affect the exchange of discovery, and considering the fact that no party offers a persuasive reason for why consolidating all discovery should not be ordered, all five cases shall be consolidated for purposes of all discovery. Consolidation in this manner will prevent inconsistent discovery rulings and will promote judicial economy on matters typically resolved by the parties without judicial intervention.

Accordingly, consolidation is **ORDERED** as follows:

(1) **Cases 3:08-cv-490, 3:09-cv-302, and 3:10-cv-409 are <u>consolidated for all purposes</u>, <u>and all future filings will be made ONLY in case 3:08-cv-490</u>; and**

(2) **Cases 3:08-cv-490, 3:09-cv-302, 3:10-cv-11, 3:10-cv-409, and 3:11-cv-250 are <u>consolidated for purposes of all discovery (including discovery on damages)</u>, and <u>the discovery deadline for all five cases is now Monday, August 13, 2012</u>.**

The Magistrate Judge assigned to these cases shall continue to handle all non-dispositive matters, consistent with 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and N.D. Ind. L.R. 72-

1, including but not limited to, discovery issues that arise and Forest River's currently pending Motion to Compel [3:10-cv-11, DE 42], <u>except that any request to stay or extend any discovery in any case will be handled by and require the approval of the undersigned district judge</u>. Discovery may be extended for good cause shown upon approval of the district judge.

The Court reminds counsel that per this Court's previous instructions [3:08-cv-490, DE 186 at 17-18], no motion for summary judgment can be filed in any case until the entire discovery process has concluded, consistent with Fed. R. Civ. P. 56(b), absent permission from the undersigned district judge to do otherwise. The Court reiterates its prior instructions relative to summary judgment motions for the benefit of all of the parties:

> After discovery has concluded, each party will be allowed to file only one motion for summary judgment per case, with any consolidated cases counting as a single case. That one motion may seek judgment on as many claims as the case makes appropriate, but each party may only file one motion for summary judgment. Motions should identify the evidence at issue with specificity, and shall include relevant arguments within that motion and the supporting documents filed.

*Id*. at 18. The Court's intentions are not only to effectively manage its docket, but to refrain from rendering final decisions on a less-than complete record. *Id*.

**Miscellaneous Matters**

In addition to responding to the Court's order to show cause relative to consolidation, the parties each made individual requests, to which the Court now turns.

**Case 3:08-cv-490**

<u>Relative to case 3:08-cv-490</u>, on October 19, 2009, the Magistrate Judge entered an "Agreed Protective Order" which was entered into by Heartland and Forest River [3:08-cv-490,

DE 61]. Heartland, Thor Industries, Brian Brady, and Catterton Partners agree that the protective order should govern all of the cases [3:08-cv-490, DE 187], but Forest River dissents [3:08-cv-490, DE 191].

Pursuant to Federal Rule of Civil Procedure 26(c)(1)(G), the Court may enter a protective order requiring that trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way. Even if the parties agree that a protective order should be entered, they still have the burden of showing that good cause exists for issuance of that order. *Jepson, Inc. v. Makita Elec. Works, Ltd.,* 30 F.3d 854, 858 (7th Cir. 1994). If good cause is not shown, the discovery materials in question should not receive judicial protection. *Id*. (citations omitted). The good cause standard requires a balancing of the public and private interests involved. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 945-46 (7th Cir.1999) ("The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it) . . .[and] [h]e may not rubber stamp a stipulation to seal the record.") (internal citations omitted)).

Because the protective order was issued in case 3:08-cv-490, which is now consolidated for all purposes with cases 3:09-cv-302 and 3:10-cv-409, the protective order will govern these three consolidated cases. To the extent the parties request an amendment to the substance of the protective order and/or request that the protective order be extended to apply to cases 3:10-cv-11 and/or 3:11-cv-250, the request is not properly made because it must be made by way of a

separately filed motion for the Magistrate Judge's consideration.² *See* N.D. Ind. L.R. 7-1. Proceeding in accordance with the rules will allow the issue to be fully briefed, give the parties and the public a fair opportunity to be heard, and allow the Magistrate Judge to determine whether good cause exists. *See* Fed. R. Civ. P. 26(c)(1)(G). Moreover, while the protective order previously issued prohibits the public disclosure of certain general categories of confidential discovery material as it relates to the three consolidated cases, at this time the Court is unable to specifically identify what type of documents those categories would cover in cases 3:10-cv-11 and 3:11-cv-250. The Court will not issue a blanket protective order applicable to all of the related cases (when the current protective order was entered in only one case by agreement of Heartland and Forest River over two years ago), without having first satisfied itself that the parties know and have identified what confidential information can presently be legitimately protected in the other cases, and without weighing the public's right of access to the materials at issue. The Court **DENIES** the request to substantively modify or extend the reach of the protective order at this time beyond the protection it affords to the three cases consolidated in their entirety, and reiterates that the parties may refile their request by way of a separate motion subject to full briefing and the Magistrate Judge's review. The Court notes that any party or member of the public who wishes to challenge any information designated as being protected by the current protective order may challenge that designation subject to judicial review [3:08-cv-490, DE 61 at ¶ 6].

---

²This is not the first time the parties have been instructed by the Court that in order to modify the protective order, the moving party "must file a specific motion and proposed protective order so that the Court can evaluate the propriety of the protective order" and allow other parties "an opportunity to respond." [3:08-cv-490, DE 173, Magistrate Judge's Order dated June 9, 2011].

**Case 3:09-cv-302**

Relative to case 3:09-cv-302, Heartland, Brian Brady, and Thor Industries seek to have their motion to dismiss [DE 68] reinstated, and Catterton Partners requests that its motion to dismiss [DE 71] also be reinstated. Forest River objects to reinstatement [3:09-cv-302, DE 124, 126], noting that the motions sought dismissal of claims based in part on actions which are the subject of cases 3:08-cv-490 and 3:10-cv-409, and arguing that since the motions were dismissed, intervening discovery will merit revision of the briefs.

The Court agrees with Forest River that various claims asserted in case 3:09-cv-302 (which name Heartland, Brian Brady, Thor Industries, and Catterton as alleged culpable parties[3]), relate to the acquisition and use of the Master List centrally involved in cases 3:08-cv-490 and 3:10-cv-409. As such, the Court declines to reinstate these motions because the supporting briefs incorporated analysis and argument from briefs which were filed in the other cases, and because the subject matter of the motions (which were pending in case 3:09-cv-302) concern cases which are now consolidated by way of this order.

The Court is sensitive to the parties not wanting to bear the burden of engaging in further discovery or the need to refile motions, but to allow reinstatement of these motions would vitiate some of the Court's primary purposes in ordering consolidation of cases 3:08-cv-490, 3:09-cv-302, and 3:10-cv-409—which is to reach the merits of claims and defenses while limiting the procedural complexities raised by overlapping motions in related cases, and to allow the Court to

---

[3]Catterton Partners argued that Forest River's Amended Complaint does not "specify to which Defendant(s) [the claims] apply . . . [and] Catterton must guess which of the claims apply to it." [3:09-cv-302, DE 72 at 7-8].

manage its docket to ensure the effective administration of justice by permitting the parties to file a single motion to dismiss relative to all claims made in the three consolidated cases. Proceeding in this manner is not only consistent with the Court's dismissal of the motions with "leave to refile," but it allows the parties the opportunity to update and streamline their motions and responses. Ruling in this fashion also accounts for Heartland's request to file a subsequent motion to dismiss in 3:10-cv-409, which Forest River does not oppose [3:10-cv-409, DE 26 at 4]. Notably, once the newly filed motions are ripe, the Court will rule as soon as practicable.

Accordingly, the requests for reinstatement of motions which were dismissed with leave to refile prior to this order of consolidation are **DENIED**. The Court will allow subsequent motions and/or responsive pleadings to be filed relative to the three consolidated cases (3:08-cv-490, 3:09-cv-302, 3:10-cv-409) and **SETS** a filing deadline of **no later than Friday, March 16, 2012**.[4] Further, the parties are permitted to file <u>only one comprehensive motion to dismiss relative to all claims made in the three consolidated cases, any motion to dismiss filed in the three consolidated cases shall constitute the entire pleading as amended and shall not reference or incorporate by reference the previously dismissed motion or related briefs, and no party shall file a motion to dismiss with respect to the counterclaims asserted in case 3:08-cv-490</u>, since an Answer to the Counterclaims was already filed [DE 118].

<u>Also relative to case 3:09-cv-302</u>, Catterton Partners seeks to have the Magistrate Judge's order staying discovery as to Catterton extended to all five of the related cases [3:09-cv-302, DE

---

[4]For the sake of clarity, the Court notes that no motion to dismiss should be filed in case 3:10-cv-11, since an Answer was filed on December 22, 2010 [DE 23]. Relative to case 3:11-cv-250, no motion to dismiss should be filed on Heartland's Complaint since an Answer was already filed [DE 13], and the Court will rule on the ripe motion to dismiss Forest River's Counterclaims [DE 21] by way of a separate order.

9

123]. Forest River objects to the request [DE 124]. However, any order staying discovery was automatically lifted upon the undersigned's September 27, 2011 order which ruled on the pending motions to dismiss—the basis of the Magistrate Judge's discovery stay [DE 56, 111]. Therefore, as Catterton acknowledges, discovery is not stayed, and the Court is unwilling to stay discovery at this time when discovery delays have prevented these cases from moving forward. Moreover, to the extent that Catterton seeks such discovery-related relief to limit any prejudice it fears being exposed to now that consolidation is ordered, it will need to file a separate motion thereby allowing the issue to be fully briefed and giving the parties fair opportunity to be heard. *See* N.D. Ind. L.R. 7-1. To repeat, discovery issues and disputes shall be handled by the Magistrate Judge, except that any request to stay or extend any discovery in any case will be handled by and require the approval of the undersigned district judge.

**Case 3:10-cv-11**

Relative to case 3:10-cv-11, Forest River filed a request for a trial setting [DE 44, 47], to which Heartland objects [DE 45]. Forest River seeks a trial date despite the fact that its own Motion to Compel certain discovery from Heartland currently pends and is not ripe [DE 42] and despite the fact that Forest River admittedly intends to file a motion for summary judgment—which no party can do until discovery closes per this Court's previous instructions [3:10-cv-11, DE 33 at 17-18]. The Court agrees with Heartland that a trial set for June or July is unworkable given the need to resolve the parties' ongoing discovery disputes, the need to

complete discovery,[5] the need for the parties to consider alternative dispute resolution consistent with N.D. Ind. L. R. 16-6, and the need for sufficient time to be given for the briefing of and ruling on any motion for summary judgment. When these predicate events are concluded, the Court will set a trial date during a trial scheduling conference with the parties present. The request for a trial setting is currently **DENIED**.

**Case 3:11-cv-250**

Relative to case 3:11-cv-250, the Court notes that Heartland and Thor Industries, Inc.'s Motion to Dismiss [DE 21] Forest River's counterclaims will be ruled on by the undersigned by way of a separate court order.

Discovery in case 3:11-cv-250 shall proceed in accordance with this order directing the consolidation of all discovery in all five of the related cases.

Lastly, the parties filed a Joint Request for Suspension of the Claim Construction Proceedings [DE 3:11-cv-250, DE 32] pending the issuance of this order on consolidation, and indicated that they needed more time to continue conducting discovery relative to the claims interpretation process. Consistent with the relief sought, the Court **GRANTS** the joint request for additional time and **ORDERS** the following briefing schedule: **Markman briefs on construction of patent claims, if necessary, will be due for the Plaintiff on Monday, April 30, 2012, and for the Defendant on Wednesday, May 30, 2012. The parties shall meet and confer on or before Friday, March 30, 2012, to create the list of claim terms for**

---

[5]As a result of this order of consolidation, discovery is now reopened as to all five related cases with a discovery cutoff date of August 13, 2012.

**interpretation.**

SO ORDERED.

ENTERED:  February 17, 2012

                                                    /s/ JON E. DEGUILIO
                                              Judge
                                              United States District Court