UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FOREST RIVER, INC., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CAUSE NO.: 3:08-cv-490-JD |
| v. | ) |
| | ) Consolidated with: 3:09-cv-302-JD |
| | ) 3:10-cv-409-JD |
| HEARTLAND RECREATIONAL | ) |
| VEHICLES, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Heartland Recreational Vehicles, LLC ("Heartland"), Brian Brady, and Thor Industries, Inc.'s ("Thor Industries") Motion to Stay Discovery [DE 199[1]] pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. The motion requests that the Court stay all discovery pertaining to the antitrust and predatory pricing claims alleged by Forest River, Inc. ("Forest River") and is joined by Catterton Partners [DE 203]. For the reasons set forth below, the Motion to Stay Discovery is **DENIED.**

### BACKGROUND

On July 10, 2009, Forest River filed a complaint alleging that Heartland infringed upon Forest River's trademarks [3:09-cv-302, DE 1]. On November 18, 2010, Forest River amended its complaint to include claims of predatory pricing, antitrust law violations under federal and state law, and allegations of unfair competition against Heartland, Mr. Brady, Catterton Partners, and Thor Industries (collectively "movants") [3:09-cv-302, DE 45 at 11-24].

On February 17, 2012, after detailing the relatedness of the cases, the Court consolidated

---

[1]Unless otherwise indicated, docket entries refer to the lead case 3:08-cv-490.

cases 3:08-cv-490, 3:09-cv-302, and 3:10-cv-409, for all purposes, consistent with Fed. R. Civ. P. 42, and consolidated all discovery (including discovery on damages) in all five related cases, 3:08-cv-490, 3:09-cv-302, 3:10-cv-11, 3:10-cv-409, and 3:11-cv-250, in order to avoid unnecessary cost and delay, and to avoid inconsistent discovery rulings in cases involving the same parties [DE 193]. In that order, the Court expressed its concern over the fact that this litigation, pending since 2008, has been bogged down with various discovery disputes and that consolidation would permit the most effective management of the cases while securing the "just, speedy, and inexpensive determination" of each case without risk of unfair prejudice to the litigants. *Id.* Given the order of consolidation, case 3:08-cv-490 (consolidated in its entirety with 3:09-cv-302 and 3:10-cv-409) now involves various claims by Forest River against the movants, including claims for trademark infringement, criminal deception, attorneys' fees under 35 U.S.C. § 285, Lanham Act violations, antitrust violations under federal and state law, computer fraud and abuse, criminal mischief, tortious interference with a business relationship, tortious interference with a contract, and unfair competition.

Heartland, Mr. Brady, and Thor Industries filed a Consolidated Motion to Dismiss [DE 197] seeking the dismissal of Forest River's antitrust, predatory pricing and putative false advertising claims alleged in 3:09-cv-302 [3:09-cv-302, DE 45] and the dismissal of all claims made by Forest River in 3:10-cv-409, including (1) violation of the Computer Fraud and Abuse Act; (2) violation of the Lanham Act; (3) criminal mischief; (4) conspiracy to commit a felony; (5) tortious interference with a business relationship; (6) tortious interference with a contract; and (7) unfair competition under Indiana common law [3:10-cv-409, DE 1]. Catterton Partners also filed a Motion to Dismiss [DE 201] all of Forest River's claims alleged in 3:09-cv-302 and joined in the

Consolidated Motion to Dismiss [DE 197] which was submitted by Heartland, Mr. Brady, and Thor Industries. In light of the pending motions to dismiss, the movants filed the instant Motion to Stay Discovery [DE 199, 200, 203] pertaining to the predatory pricing and antitrust claims alleged by Forest River, to which a response [DE 209] and reply [DE 220] have been filed. To further ensure that these cases proceed expeditiously, the undersigned indicated that it would rule on any requests to stay discovery [DE 193] and therefore issues a ruling on this non-dispositive matter.

**DISCUSSION**

Rule 26(b) empowers district courts to limit the scope of discovery if the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Rule 26(c) allows the issuance of a protective order for good cause to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.

District courts have considerably broad discretion in managing discovery. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (noting that the district judge has many options for dictating the sequence of discovery in order to manage the discovery process "to facilitate prompt and efficient resolution of the lawsuit"); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) ("[b]efore restricting discovery, the court should consider 'the totality of the circumstances,

3

weighing the value of the material sought against the burden of providing it,' and taking into account society's interest in furthering 'the truthseeking function' in the particular case before the court.") (citations omitted). Although a party's filing of a motion to dismiss may provide an appropriate circumstance in which to limit discovery, the filing of a motion to dismiss by itself does not mandate a stay of discovery pending resolution of that motion. *Duneland Dialysis LLC v. Anthem Ins. Companies, Inc.*, 4:09-cv-36-RLM-PRC, 2010 WL 1418392 *2 (N.D. Ind. Apr. 6, 2010) (citation omitted). Rather, to determine whether a stay of discovery is warranted, the court must look at the individual case. *Id.*

Issues pertaining to the costs and burdens of discovery are prevalent in antitrust litigation. *See Nexstar Broad., Inc. v. Granite Broad. Corp.*, No. 1:11-cv-249, 2011 WL 4345432 *2 (N.D. Ind. Sept. 15, 2011). The Supreme Court recognized this concern in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007), by stating that "it is one thing to be cautious before dismissing an antitrust complaint in advance of discovery, but quite another to forget that proceeding to antitrust discovery can be expensive." The *Twombly* Court was "concerned lest a defendant be forced to conduct expensive pretrial discovery in order to demonstrate the groundlessness of the plaintiff's claim." *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008) (noting that the concern is as applicable to a RICO case, which resembles an antitrust case in point of complexity and the availability of punitive damages and of attorneys' fees to the successful plaintiff; RICO cases, like antitrust cases, are "big" cases and the defendant should not be put to the expense of big-case discovery on the basis of a threadbare claim) (construing *Twombly*, 550 U.S. at 559).

As the movants indicate, since *Twombly*, district courts have also acknowledged the concern by staying discovery, when appropriate, in antitrust litigation and other complex cases when there

4

are pending motions to dismiss for failure to state a claim. *See Nexstar*, 2011 WL 4345432 at *2; *Sanders v. City of Indianapolis,* 1:09-cv-622-SEB-JMS, 2010 WL 1410587 *1-2 (S.D. Ind. Apr. 2, 2010); *Dillinger, L.L.C. v. Elec. Arts, Inc.*, 1:09-cv-01236-SEB-JMS, 2010 WL 1945739 *1-2 (S.D. Ind. May 11, 2010); *Coss v. Playtex Prods., LLC*, 08 C 50222, 2009 WL 1455358 *4–5 (N.D. Ill. May 21, 2009); *DSM Desotech Inc. v. 3D Sys. Corp.*, 08 CV 1531, 2008 WL 4812440 *3 (N.D. Ill. Oct. 28, 2008). Relying on this authority, the movants contend that the Court should not impose discovery obligations pending the Court's determination of the movants' Motions to Dismiss because Forest River's predatory pricing and antitrust claims are "doomed to fail" regardless of discovery, discovery requests by Forest River would subject the movants to unreasonable costs due to Forest River's multiple and complex antitrust claims, and discovery requests by Forest River would require the movants to produce confidential, trade secret information to a competitor, including the pricing, costs of production, and profit margins of products [DE 200 at 3-5; DE 220]. Of course, Forest River opposes the request [DE 209].

The Court is unable to conclude that a stay of discovery is appropriate in this litigation. *Twombly's* initiative to reduce unreasonable costs is not present under the current circumstances. While the movants are facing potential liability on antitrust claims under both federal and state law, they fail to provide the Court with adequate reasoning as to why discovery on these claims would result in high costs in this litigation. The movants do not provide the Court with any specifics regarding the anticipated costs of providing the discovery or any evidentiary support as to such cost estimates. Rather, the movants make only bald assertions that discovery relative to the claims would be an "enormous, needless expense." Moreover, given the length of time in which this litigation has

been pending and the fact that discovery is nearing the end of its road,[2] any remaining discovery is unlikely to be excessive in costs or burdens.

To the extent that discovery is a major task and expense, this is not so simply because antitrust and predatory pricing claims pend, but because the movants and Forest River have filed multiple related lawsuits in the last four years alleging dozens of claims against each other, which include claims for treble damages and statutory attorneys' fees. Forest River reasonably asserts, and the movants do not deny, that discovery related to the antitrust and predatory pricing claims is related to other claims. And thus, simply staying discovery on the antitrust and predatory pricing claims would do nothing to reinforce the rationale found in *Limestone Dev. Corp.*, that defendants should not be put to the expense of big-case discovery on the basis of a threadbare claim. Additionally, the Court believes that ongoing discovery will likely produce facts necessary to defeat dispositive motions on these claims given Forest River's representations and that Forest River seeks such information.

The Court fully appreciates the movants concern of having to produce confidential, trade secret information to a competitor, such as the pricing, costs of production, and profit margins of products. Antitrust discovery poses important questions regarding sensitive information, especially when litigants are required to produce this information to competitors. With that being said, on October 19, 2009 (almost three years ago) the Court previously issued an Agreed Protective Order safeguarding confidential information pursuant to Fed. R. Civ. P. 26(c) [DE 61]. The Agreed Protective Order allows a party to designate, in good faith, in whole or in part, any document, thing, or information (collectively "material") as 'CONFIDENTIAL-ATTORNEYS' EYES ONLY' if

---

[2]In fact, discovery was ordered to close on August 13, 2012 [DE 193]. Given that there are remaining discovery disputes to be decided, an extension of discovery will be provided herein.

such party believes that such material is confidential or trade secret information. *Id*. Such protected material includes costs of production or marketing, corporate revenues or earnings, value of or purchase of corporate assets, and financial plans that the parties wish to keep confidential. *Id*. The protective order limits access to this information to counsel of record, court personnel, and designated expert witnesses or consultants who first sign a confidentiality agreement. *Id*. The protective order was extended to govern the consolidated cases as well [DE 193 at 6]. To the extent the movants concerns are not adequately safeguarded by the Court's Agreed Protective Order, the parties can move to amend the order for the Magistrate Judge's consideration.[3]

None of the cases cited by movants in support of their request to stay discovery involve the type of circumstances that the underlying litigation and its lengthy history presents. Those cases typically involved a single stay in a single case that was entered within several months of the lawsuits initiation, unlike the present litigation which involves various old cases containing multiple claims that entail overlapping relevant discovery. *See, e.g. Nexstar*, 2011 WL 4345432. In addition, unlike the present litigation, *Sanders* involved the entering of a stay after plaintiff failed to timely respond to the defendants' motion to dismiss creating a high likelihood of ultimate dismissal, *Sanders,* 2010 WL 1410587, the court in *Dillinger, L.L.C.* stayed discovery after noting that the small company plaintiff would be forced to pay the high litigation costs for discovery that could be promptly produced if the motion to dismiss failed, *Dillinger, L.L.C..,* 2010 WL 1945739, and the discovery stay entered in *Coss* involved a class action lawsuit, *Coss*, 2009 WL 1455358.

While the Court is sensitive to the fact that issues pertaining to the costs and burdens of discovery are prevalent in antitrust litigation, the movants neglect the fact that the circumstances of

---

[3]This instruction was previously provided to the parties on June 9, 2011 and February 17, 2012 [DE 173; DE 193].

this litigation are unlike most cases where such a stay might otherwise be appropriate. To repeat, Forest River and the movants have been engaged in the pending litigation since 2008. In particular to the antitrust and predatory pricing claims, they have been pending for almost two years. The movants seek yet another stay in the discovery process, even though—as the Court has previously admonished [DE 186]—the discovery process has been delayed for over **three years** on account of the parties' incessant discovery quarrels in multiple cases requiring Court intervention. Moreover, in case 3:09-cv-302, the litigation that resulted in the antitrust claims, the undersigned specifically noted that previous stays and other delays on discovery were hampering the ability for the case to proceed and therefore no stays would be granted without proper justification [3:09-cv-302, DE 119; DE 128]. And predictably, if the past four years serve as any indication of future conduct, a stay of discovery relative to only the antitrust and predatory pricing claims will ultimately result in more quarrels concerning whether certain discovery falls within the Court's stay order—especially given the fact that even the movants admit that the discovery sought to be stayed is relevant in part to other claims [DE 220]. Such discovery disputes will only increase litigation expense and further delay a decision on the merits in the various pending cases, without sufficient reason to do so.

Finally, given the procedural complexities raised by various overlapping motions that the parties filed throughout the history of the related cases, and so as to keep from rendering final decisions on a less-than complete record, the Court has ordered that no motion for summary judgment can be filed until the entire discovery process has concluded, consistent with Fed. R. Civ. P. 56(b). *Id*. This fact represents one more reason to conclude that a discovery stay is inappropriate in this context. Simply put, the movants are unable to show that a stay of discovery is currently appropriate in the instant litigation.

**CONCLUSION**

The Court understands that antitrust litigation creates greater potential for issues regarding discovery. Antitrust discovery can be extremely expensive, time-consuming, and poses important questions regarding sensitive, confidential information. As a result, the Seventh Circuit has commonly ordered stays of discovery pending a motion to dismiss. However, the Court finds the movants' arguments to be insufficient to support a stay of discovery given the circumstances of this litigation. As a result, the movants' Motion to Stay Discovery is hereby **DENIED**.

Previously, the undersigned set a discovery cutoff date of August 13, 2012 for all five related cases [DE 193]. However, motions for a protective order [3:08-cv-490, DE 229; DE 232] and a motion to compel discovery [3:11-cv-250, DE 42] are currently pending and all are not yet ripe. As a result, the undersigned **extends the discovery deadline in cases 3:08-cv-490 (as consolidated with 3:09-cv-302 and 3:10-cv-409), 3:10-cv-11, and 3:11-cv-250, up to and including Friday, December 28, 2012. Any motions, requests, or concerns related to any discovery dispute shall be filed on or before Friday, October 26, 2012, unless counsel seeks and receives the Court's permission to make a belated filing with good cause shown, so that any issues can be resolved and discovery can be concluded by Friday, December 28, 2012.** This Clerk is **DIRECTED** to docket this Order in cases 3:08-cv-490, 3:10-cv-11, and 3:11-cv-250.

SO ORDERED.

ENTERED: September 12, 2012

/s/ JON E. DEGUILIO
Judge
United States District Court